IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY W. BAKER, | No. 2:13-cv-2608-TLN-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| SAC, COUNTY JAIL, et al., | |
| Defendants. | |
| _____ / | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

   On April 14, 2014, the court issued an order finding that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g), and directed plaintiff to submit the appropriate filing fee in order to proceed with this action.  Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.  To date, plaintiff has failed to comply.

///

///

///

In addition, on April 29, 2014, mail directed to plaintiff was returned by the United States Postal Service as undeliverable. Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within 63 days of mail being returned. To date, more than 63 days have elapsed since mail was returned and plaintiff has not notified the court of a change of address.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to resolve the fee status for this case as directed, and failure to submit a notice of change of address, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

///

///

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court.  Responses to objections shall be filed within 14 days after service of
5 objections.  Failure to file objections within the specified time may waive the right to appeal.
6 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   DATED:  October 30, 2014

                                      _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE